J. S36019/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., S/B/M TO WACHOVIA BANK, NATIONAL ASSOCIATION | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| PAUL PIECZYNSKI | : : | |
| Appellant | : | No. 1879 MDA 2015 |

Appeal from the Order Entered October 2, 2015
In the Court of Common Pleas of Luzerne County
Civil Division No(s): 2014-4536

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                                    **FILED JUNE 24, 2016**

Appellant, Paul Pieczynski, appeals *pro se* from the Order entered on October 2, 2015, in the Court of Common Pleas of Luzerne County granting summary judgment and entering an *in rem* judgment in favor of Appellee, Wells Fargo Bank, N.A., in a mortgage foreclosure action. After careful review, we find that Appellant waived all issues for appellate review. Accordingly, we affirm.

The trial court set forth an accurate procedural and factual history in its Opinion:

> On April 4, 2014, Appellee filed a Complaint in Mortgage Foreclosure (the "Complaint") against Appellant. In the Complaint, Appellee alleged that Appellant executed a mortgage

---

[*] Former Justice specially assigned to the Superior Court.

to Wachovia Bank, National Association ("Wachovia") in the original principal amount of $216,500.00. The Mortgage to Wachovia was recorded at the Luzerne County Recorder of Deeds, Book 3007, Page 260783 (the "Mortgage"). Appellee further alleged that Appellant defaulted on the Mortgage for failure to pay installments of principal and interest due on February 28, 2013. At the close of the Complaint, Appellee sought an *in rem* judgment in mortgage foreclosure for the amount of $232,937.55. Appellee attached a copy of the Mortgage to the Complaint. On May 13, 2014, Appellant filed his Answer and New Matter (the "Answer"). In the Answer, Appellant either admitted or generally denied each of Appellee's averments in the Complaint. Appellee filed its Reply to New Matter on June 9, 2014. On August 26, 2015, Appellee filed its Motion for Summary Judgment. In its Motion for Summary Judgment, Appellee asserted that it is successor by merger to Wachovia, the original holder of the Mortgage, and attached a copy of the merger document to the Motion. Appellee also attached to its Motion an affidavit confirming the default and the amount of debt, as well as a copy of the legal notice sent to Appellant pursuant to Act 6 and Act 91. Further, Appellee argued in its Motion for Summary Judgment that Appellant's responses in the Answer have the effect of admissions to the following allegations: Appellant executed the Mortgage; Appellant defaulted on the Mortgage and owes the amount identified by Appellee; and, Appellee complied with Act 91 and Act 6. On September 11, 2015, Appellant filed his Answer to Appellee's Motion for Summary Judgment. In his Answer, Appellant argued that the Luzerne County Court of Common Pleas was not the proper venue for the action in mortgage foreclosure, lacked personal jurisdiction over Appellant, and lacked subject matter jurisdiction. Additionally, Appellant asserted that the mortgaged property is patented land by the United States of America. Included among various attachments to Appellant's Answer to the Motion for Summary Judgment were certain land patent documents prepared and executed by Appellant and filed with the Luzerne County Recorder of Deeds on August 28, 2015, after the filing of the instant matter. On October 2, 2015, Appellee filed a Reply to New Matter in response to Appellant's Answer to its Motion for Summary Judgment.

Trial Ct. Op., filed 12/21/15, at 1-3.

On October 2, 2015, the trial court granted summary judgment and entered an *in rem* judgment in favor of Appellee in the amount of $254, 579.23 plus interest and costs.

On October 26, 2015, Appellant filed a timely Notice of Appeal. On November 3, 2015, the trial court ordered Appellant to file a Rule 1925(b) Statement within twenty-eight (28) days and stated, "any issue not properly included in said Statement shall be deemed waived." Order, 11/3/15. On November 23, 2015, Appellant filed a Rule 1925(b) Statement titled "Response," alleging lack of venue and jurisdiction due to the mortgaged property being the subject of a land patent. *See* Response, 11/23/15.

Rule 1925(b) requires Appellant to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge" and "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.C.P. 1925(b)(4)(ii) and (iv); *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (holding that any issues not raised in a court-ordered 1925(b) statement will be deemed waived). Moreover, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his

lack of expertise and legal training will be his undoing." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (internal citations omitted).

While Appellant did file a timely Rule 1925(b) Statement, the statement was inadequate to preserve any issues for appeal. This Court has found that filing a timely Rule 1925(b) statement does not automatically preserve issues for appeal, rather the statement must also be concise and coherent. *Jiricko v. Geico Insurance Company, et al*, 947 A.2d 206, 210 (Pa. Super. 2008). Upon reviewing Appellant's Rule 1925(b) Statement, the trial court determined that "the document fails to coherently set forth any issues appropriate for review." Trial Ct. Op. at 6. We agree.

In his Rule 1925(b) Statement, Appellant asserts that the "[c]ourt proceeded without venue and original jurisdiction to hear Land Patent Case" and then proceeds to discuss land patents at length. *See* Response, filed 11/23/15. However, as the trial court correctly contends, "there has been no evidence set forth that the mortgaged property is indeed patented land." Trial Ct. Op. at 7. Further, "Appellant makes no intelligible connection between a land patent and a legitimate defense to mortgage foreclosure." *Id.*

The issues raised in Appellant's Rule 1925(b) Statement are completely irrelevant and fail to identify any errors concerning the legal basis for the trial court's grant of the Motion for Summary Judgment. Where "there is simply no legitimate appellate issue presented in Appellant's

statement," waiver is the appropriate remedy. ***See Jiriko, supra***, at 213-214. Accordingly, we find that Appellant waived all issues for appellate review.[1]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

---

[1] We note that Appellant's Brief is insufficient and fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140, preventing meaningful appellate review. If we had not found waiver, we would have dismissed this appeal.