J. A03031/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARTIN L. NEWTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD BENJAMIN AND LESLIE CULLEN | : | |
| | : | |
| | : | No. 1107 MDA 2016 |

Appeal from the Judgment Entered October 14, 2016
In the Court of Common Pleas of Union County
Civil Division at No(s): 15-0107

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED JANUARY 03, 2017**

Martin L. Newton appeals *pro se* from the Judgment entered in the Union County Court of Common Pleas in favor of Richard Benjamin and Leslie Cullen, following a non-jury trial. We dismiss this appeal.

The facts are not relevant to our disposition. Instantly, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted). ***See also*** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal). Moreover, an appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate

Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

Appellant's Brief is woefully inadequate. It does not contain a statement of questions involved meeting the requirements of Pa.R.A.P. 2116; a copy of Appellant's Pa.R.A.P. 1925(b) statement; the trial court's Order; or the trial court's Pa.R.A.P. 1925(a) Opinion. *See* Pa.R.A.P. 2111(a)(2), (4), (10), (11), and (b). Most significantly, although Appellant's Brief contains a lengthy section entitled "Summary of Judicial Errors and Arguments" consisting of 15 enumerated paragraphs, it does not contain any argument section whatsoever. It is axiomatic that issues that are not developed in the argument section of an appellate brief are waived. *Harkins v. Calumet Realty Co.*, 614 A.2d 699, 703 (Pa. Super. 1992).

To properly develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations to pertinent authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Hardy*, *supra* at 771 (citation omitted). Where defects in a brief "impede

our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citations omitted).

Appellant's failure to adhere to the Rules of Appellate Procedure and to develop his claims with citation to the record and to legal authorities prevents this Court from conducting meaningful appellate review. Therefore, we conclude Appellant has waived his issues. Accordingly, we dismiss this appeal.

Appeal dismissed. Case stricken from the argument list.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017