J-A14034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DOMENIC A. TRICOME, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AUTOMATTIC, INC., MATTHEW MULLENWEG AND TONI SCHNEIDER, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., CHRISTOPHER MORAN AND TARA PFEIFER, LOIS MURPHY, | |
| Appellees | No. 3399 EDA 2016 |

Appeal from the Order Dated September 15, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-03065

BEFORE:  BENDER, P.J.E., BOWES and SHOGAN, JJ.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED MAY 18, 2017**

Appellant, Domenic A. Tricome, *pro se*, purports to appeal from an order entered on September 15, 2016, sustaining the preliminary objections filed by Appellees Automattic, Inc., Matthew Mullenweg and Toni Schneider, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Christopher Moran and Tara Pfeifer, and Lois Murphy, and dismissing Appellant's Complaint with prejudice.  After review, we are constrained to quash this appeal.

Substantial deviations from the rules governing appellate briefs are sufficient grounds to suppress an appellant's brief and quash or dismiss an appeal.  ***Wilkins v. Marsico***, 903 A.2d 1281, 1285 (Pa. Super. 2006) (citing Pa.R.A.P. 2101); ***see also*** Pa.R.A.P. 2111–2119 (setting forth in detail the

required content of appellate briefs). Additionally, this Court has emphasized that it is the appellant's obligation to present arguments that are sufficiently developed for our review. *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). "We will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id*. at 1212. Accordingly, a litigant's *pro se* status does not relieve him of the duty to follow the Pennsylvania Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

Here, Appellant's brief fails to comply in any meaningful way with Pa.R.A.P. 2119. Rather, Appellant's argument assails the judicial system in general, states that there are items that could be submitted as evidence and witnesses that could be procured at some unspecified date in the future, and demands remand for damages. Appellant's Brief at 3–4. However, Appellant fails to reference the facts of the case, cite to the record or relevant authority, provide a statement regarding where issues were preserved for appeal, or state any basis upon which any relief may be granted in gross deviation from the requirements of Rule 2119. Thus, while

we are willing to liberally construe Appellant's brief, what has been filed here is egregiously deficient. Appellant's violations of the Pennsylvania Rules of Appellate Procedure prohibit any meaningful review and require this Court to quash the appeal.[1]

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2017

---

[1] We note that on May 9, 2017, Appellees Automattic, Inc., Matthew Mullenweg and Toni Schneider, filed with this Court an application for continuance of oral argument. In light of our decision to quash the appeal, the application for continuance is DENIED AS MOOT.