J-S43015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MARISSA A. BELTZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON J. MORRIS | |
| Appellant | No. 93 WDA 2017 |

Appeal from the Order Dated October 19, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No: 246-s-2006

BEFORE:  STABILE, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 27, 2017**

Appellant Brandon J. Morris *pro se* appeals from the October 19, 2016 order of the Court of Common Pleas of Bedford County ("trial court"), which denied his petition for termination of child support.  Upon review, we dismiss this appeal.

On September 14, 2016, while incarcerated, Appellant petitioned the trial court for termination of his $50 per month child support obligation. Specifically, relying on Pa.R.C.P. No. 1910.19(f),[1] Appellant claimed that his

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant's termination petition incorrectly identified Rule 1910.19(f) as Rule 1910.16-2.

support obligations need to be terminated because he had no known assets.[2]
Following the dismissal of his termination petition by a domestic relations
officer, Appellant requested a *de novo* hearing before the trial court.  At the
December 15, 2016 hearing, the trial court was unable to reach Appellant
telephonically at SCI-Camp Hill,[3] and conducted the hearing without him.  At
the hearing, the trial court noted that the record "would show from the time
of his incarceration, at least for some time, [domestic relations] received
regular payments [from Appellant] because he apparently has some type of
employment in the prison system."   N.T. Hearing, 12/15/16, at 3-4.
Following the hearing, the trial court denied Appellant's petition for
termination of child support.  Appellant *pro se* timely appealed to this Court.
On January 23, 2017, the trial court directed Appellant to file within 21 days
a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Appellant
failed to comply.[4]

---

[2] The Comment to Rule 1910.19 states in part that "[a]n obligor with no known assets whose sole source of income is Supplemental Security Income or cash assistance cannot be ordered to pay support under Rule 1910.16-2."

[3] Our review of the docket reveals that the trial court, on November 10, 2016, issued an order scheduling the *de novo* hearing for December 15, 2016 at 9:00 a.m.

[4] It is settled that an appellant waives all issues raised on appeal by failing to timely comply with the trial court's direct order to file a Rule 1925(b) statement.  **See J.P. v. S.P.**, 991 A.2d 904, 908 (Pa. Super. 2010) (noting that "an appellant's failure to comply with an order to file a Rule 1925(b) statement in a timely manner constitutes waiver of all objections to the order, ruling, or other matter complained of on appeal.").   Although Appellant here failed to comply with the trial court order to file a Rule
*(Footnote Continued Next Page)*

On appeal, Appellant *pro se* filed a one-page brief consisting of five numbered paragraphs. Under Pennsylvania Rules of Appellate Procedure:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and **are substantial, the appeal or other matter may be quashed or dismissed**.

Pa.R.A.P. 2101 (emphasis added). "When issues are not properly raised and developed in brief, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **See Branch Banking and Tr. v. Gesiorski**, 904 A.2d 939, 942–43 (Pa. Super. 2006) (citation omitted). Further, although we are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **In re Ullman**, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010), **appeal denied**, 20 A.3d 489 (Pa. 2011). Thus, an appellant's *pro se* status does not relieve him or her of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008), **appeal denied**, 958 A.2d 1048 (Pa. 2008).

Instantly, Appellant's brief is woefully inadequate and, consequently, it is not capable of review. As mentioned, the brief is only a single page, consisting of five paragraphs. Appellant's brief does not contain a statement of jurisdiction, statement of the order or other determination in question, a

*(Footnote Continued)* ─────────────

1925(b) statement, we decline to dismiss his appeal on that basis alone, as discussed **infra**.

statement of questions involved, a statement of the case, a summary of argument, argument for appellant or a conclusion. *See* Pa.R.A.P. 2111, 2114, 2115, 2116, 2117, 2118, 2119, 2111(a)(9). Moreover, to the extent Appellant's brief may contain an argument, it is bereft of any citation to the record or relevant legal authority. Indeed, to properly develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations to pertinent legal authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); *In re W.H.*, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) (noting that issues are waived if appellate brief fails to provide meaningful discussion with citation to the record and relevant authority), *appeal denied*, 24 A.3d 364 (Pa. 2011); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.") (citations omitted), *appeal denied*, 940 A.2d 362 (Pa. 2008). Accordingly, we dismiss this appeal for Appellant's failure to file a timely Rule 1925(b) statement and substantial failure to comply with Rules of Appellate Procedure. *See* Pa.R.A.P. 2101.

Appeal dismissed.

Justice Fitzgerald joins this memorandum.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/27/2017</u>