J-A08020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSELLA MILCHAK | |
| Appellant | No. 736 WDA 2018 |

Appeal from the Order Entered April 19, 2018
In the Court of Common Pleas of Washington County
Criminal Division at No.: CP-63-SA-0000359-2017

BEFORE: PANELLA, P.J., STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 28, 2019**

Appellant Rosella Milchak *pro se* appeals from the April 19, 2018 order entered in the Court of Common Pleas of Washington County ("trial court"), denying her request to set aside an agreement with Intervenor East Bethlehem Township. Upon review, we affirm.

The facts and procedural history of this case are undisputed. As recounted by the trial court:

> [Appellant] owned a lot in East Bethlehem Township, known as 141 Morton Street, having erected thereon a dwelling house in an extremely decrepit and dilapidated condition [(the "Property")]. The township cited her repeatedly for violations of township ordinances regarding accumulations of rubbish, failure to eliminate pests, excessive growth of weeds, improper drainage and similar offenses. She was convicted of several of these offenses by the magisterial district judge. She appealed. At the time set for her hearing in common pleas court, she appeared, with counsel. After some discussions between her attorney and the township solicitor, an agreement was reached between [Appellant] and the township whereby she would deed the [Property] to East Bethlehem Township. In return, the township

would withdraw all citations and forgive any fines and cost yet unpaid.

Trial Court Opinion, 8/28/18, at 1. On February 21, 2018, Appellant, who was represented by counsel, and the township memorialized their agreement on the record before the trial court. Furthermore, Appellant was colloquied extensively by her counsel, as well as the township solicitor, on her decision to transfer the Property to the township in exchange for the withdrawal of charges and forgiveness of outstanding fines and costs.

Q. [Appellant], could you just state your full name for the record, please?

A. Rosella Eileen Milchak.

Q. And do you understand that you're here today for various code citations against a property you own in Millsboro, Pennsylvania?

A. Yes.

Q. And what is the address for that property, just for the record?

A. 141 Morton Street, Millsboro.

Q. Okay. At any time did you enter into discussions with me and the solicitor, Mr. Blane Black, concerning the disposition of those citations?

A. Yes.

Q. And you understand there are multiple citations already filed that are before the [c]ourt today, correct?

A. Correct.

Q. And there were others upon which you had prior convictions; is that correct?

A. Correct.

Q. And those matters are before the clerk of courts?

A. Correct.

Q. And were you present in the courtroom a few moments ago when Mr. Black discussed the potential resolution of these matters?

A. We was outside.

Q. When we were in the courtroom a few minutes ago.

A. Yes.

Q. And did you understand the factors and stipulations that were put forth concerning the resolution of this by deeding the property to the [township] for condemnation proceedings?

A. Yes.

Q. And you understand condemnation is a process by which property could be deemed unfit for use and demolished?

A. Correct.

Q. Okay. And you understand that in trying to resolve this matter and avoid that process, you deeded the property over?

A. Yes.

[Appellant's counse:] Your Honor, do you have a copy of the deed? I don't know if we need to make it an exhibit, per se.

Q. Did you sign a deed –

A. Yes.

Q. -- a quitclaim deed today?

A. Yes.

Q. And is this your signature on page two?

A. Yes.

Q. Had any promises been made to you, other than those described in court, to have you execute this deed?

A. No. Just what we discussed.

Q. Okay. **Were you threatened in any way or harassed into doing this?**

A. **No.**

Q. **You're doing this of your own volition?**

A. **Yes.**

Q. Okay. Do you understand the proceedings as they are conducted today?

A. Yes.

Q. Okay.

[Appellant's counsel:] That's all I have, Judge. Thank you.

N.T. Hearing, 2/21/18, at 4-7 (emphasis added). Next, the township solicitor colloquied Appellant on cross-examination.

Q. [Appellant], is the property unoccupied?

A. Yes. I just have some – a few things in there.

Q. You're not residing there; is that correct?

A. No.

Q. And your son no longer resides there?

A. No. He hasn't been there.

Q. Okay. **And, again, [your counsel] asked you, is anybody forcing you to do this?**

A. **No.**

[Appellant's counsel:] Just for the record, your son is Damien Milchak?

[Appellant:] Yes.

[Appellant's counsel:] I think the [c]ourt understands who we're referring to.

[Appellant:] Yes. I sought counsel with Steve and my six girls, and they said what was best for me.

[The trial court:] Okay. You don't need the headache.

 . . . .

[The trial court:] All right. Do you have any questions whatsoever about anything we're doing here this afternoon?

[Appellant:] No. [My counsel] said that he'll have this on record, what the –

[Appellant's counsel:] Yes. The court reporter here makes a transcript. She'll have all the things in there.

*Id.* at 7-9 (emphasis added). Thereafter, the court accepted the "proposed resolution of this matter by the [t]ownship and by [Appellant] through counsel. That is that all outstanding citations, including all fines, costs and fees, shall be withdrawn on consideration of [Appellant's] execution of a deed to East Bethlehem Township for the [P]roperty in question[.]" *Id.* at 9. The trial court further ordered that any demolition of the Property be delayed until March 23, 2018 "to enable [Appellant] the opportunity to remove any and all personal property that she may wish from the premises." *Id.*

On February 28, 2018, Appellant *pro se* filed a "Motion to Withdraw My Plea," arguing that the February 21, 2018 agreement was invalid. Specifically, Appellant claimed that she was "under duress." The township filed a response, requesting the trial court to deny Appellant's withdrawal motion. Following a hearing, the trial court denied the motion by order entered April 19, 2018. Appellant appealed to this Court.[1]

On appeal, Appellant *pro se* filed an incoherent, rambling, hand-written, unnumbered seven-page brief recounting her interactions with the township.[2] Under Pennsylvania Rules of Appellate Procedure:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the

---

[1] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[2] Even though named in the caption, the Commonwealth filed a letter in this Court stating that this matter was handled by East Bethlehem Township, which subsequently submitted an intervenor's brief.

- 5 -

circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and **are substantial, the appeal or other matter may be quashed or dismissed**.

Pa.R.A.P. 2101 (emphasis added). "When issues are not properly raised and developed in brief, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **See Branch Banking and Tr. v. Gesiorski**, 904 A.2d 939, 942–43 (Pa. Super. 2006) (citation omitted). Further, although we are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **In re Ullman**, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010), **appeal denied**, 20 A.3d 489 (Pa. 2011). Thus, an appellant's *pro se* status does not relieve him or her of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008), **appeal denied**, 958 A.2d 1048 (Pa. 2008).

Instantly, Appellant's brief is woefully inadequate because it fails to conform, in any material aspect, with our rules of appellate procedure. Appellant's brief does not contain, *inter alia*, a statement of jurisdiction, statement of the order or other determination in question, a statement of questions involved, a statement of the case, a summary of argument, argument for appellant or a conclusion. **See** Pa.R.A.P. 2111, 2114, 2115, 2116, 2117, 2118, 2119, 2111(a)(9), respectively.

Despite the many shortcomings of Appellant's brief, we decline to invoke waiver because the issue on appeal is clear. Appellant seeks to set aside the February 21, 2018 agreement asserting duress. Appellant's claim, however,

does not merit relief because she voluntarily, knowingly and intelligently entered into the agreement. As detailed above, Appellant on the record denied being threatened or coerced into signing the agreement at issue. The trial court aptly explained:

> We conducted a colloquy and there is no doubt that [Appellant] knew and understood exactly what she was doing. She was represented throughout by able counsel. As far as we are aware, she has made no attempt to cancel the deed to the township that she signed, acknowledged and delivered with the advice of counsel. The [t]ownship for its part withdrew all pending charges.

Trial Court Opinion, 8/29/18, at 1-2. Accordingly, we affirm the trial court's denial of Appellant's motion to withdraw her February 21, 2018 agreement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2019