J-S12025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW JAMES TOLBERT | : | |
| | : | |
| Appellant | : | No. 1285 MDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000390-2017,
CP-22-CR-0000561-2017

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

JUDGEMENT ORDER BY DUBOW, J.: **FILED JULY 09, 2019**

Appellant, Andrew James Tolbert, appeals *pro se* from the Order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.[1] Because defects in Appellant's brief impede our ability to provide meaningful review, we dismiss this appeal.

The underlying facts are not relevant to our disposition. It is well-settled that "appellate briefs . . . must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Adams***, 882

---

[1] The PCRA court appointed counsel, and it later granted counsel's Motion to Withdraw pursuant to ***Turner/Finley***. ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted); Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements for each subsection of the brief).

In addition, "it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted); Pa.R.A.P. 2119(a). Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Hardy, supra** at 771 (citations omitted).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him or her of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). **See Adams**, **supra** at 497 (stating that a *pro se* litigant must "assume the risk that [his] lack of expertise and legal training will prove [his] undoing."). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

Pa.R.A.P. 2111(a) specifies matters that must be included in an appellate brief under separate and distinct titled sections provided in a particular order. Appellant's Brief is lacking nearly all of them. He does not

- 2 -

include a statement of jurisdiction, order or other determination in question, statement of the scope and standard of review, statement of the questions involved, summary of the argument, or a short conclusion stating the precise relief sought. *See* Pa.R.A.P. 2111(a)(1)-(9). Appellant also failed to annex a copy of his Pa.R.A.P. 1925(b) statement of errors complained of on appeal as required. Pa.R.A.P. 2111(a)(11).

Instead, Appellant's brief contains a summary of facts related to the offenses to which he pled guilty and complaints about his trial counsel. Appellant's Amend. Br. at 1 (unpaginated). This summary is followed by six paragraphs with the following headings: "1.01 Relationship of Criminal Law to Criminal Procedure;" "1.03 Stages of Criminal Prosecution;" "Probable Cause;" "Eye Witness Identification;" "I.D. Procedure: Due Process Law;" and "26.02 Corporal I.D. Procedures Right to Counsel." *Id.* at 2-4 (unpaginated). While Appellant's Brief contains citations to case law, it does not coherently explain the issues on appeal, develop any argument, refer to the record, or explain how the case citations pertain to his appeal.

Appellant's failure to adhere to the Rules of Appellate Procedure, define his claims, or develop his claims in any cogent fashion, prevents this Court from conducting meaningful appellate review. Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/09/2019</u>