J-A07028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.C.-C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| L.R. | : | No. 1434 MDA 2019 |

Appeal from the Order Entered August 6, 2019
In the Court of Common Pleas of Adams County Domestic Relations at
No(s):  15-DR-365

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY DUBOW, J.:           **FILED FEBRUARY 21, 2020**

Appellant, C.C-C. ("Mother"), appeals *pro se* from the August 6, 2019 Order that, *inter alia*, allocated the expense of a one-week summer camp between Mother and Appellee, L.R. ("Father") and awarded Father a credit for his portion of the expense.  We dismiss this appeal.

The underlying facts are not relevant to our disposition.  The *pro se* Brief Mother has submitted to this Court fails to conform to the basic requirements of appellate advocacy.  Pa.R.A.P. 2111(a) specifies that matters must be included in an appellate brief under separate and distinct titled sections provided in a particular order.  Mother's Brief does not include:  (1) a statement of jurisdiction; (2) statements of the scope and standard of review; (3) a statement of the questions involved; (4) a statement of the case; (5) a summary of argument; and (6) certificates of compliance.  **See** Pa.R.A.P. 2111(a).  Instead, Mother's Brief contains seven numbered paragraphs, which

combine procedural history, factual history, argument, and requested relief without citation to the record or case law. ***See*** Mother's Br. at 1-5 (unpaginated). While Mother does cite Pennsylvania Rule of Civil Procedure 1910.16-6(d)(1), referenced in the trial court's Order, Mother fails to explain how this Rule pertains to her appeal with citation to the record. ***See id.*** at 3 (unpaginated).

It is well settled that appellate briefs "must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure" or risk this Court's quashal or dismissal of the appeal. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. ***See also*** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements for each subsection of the brief). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). Notably Rule 2116 states, in relevant part, that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him or her of the obligation to follow the Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Ultimately, "any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent,

assume the risk that her lack of expertise and legal training will prove her undoing." **Branch Banking and Trust**, 904 A.2d at 942 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

In the present case, even a liberal construction of Mother's Brief cannot remedy the serious inadequacies, the most fatal of which is her failure to include a statement of questions involved pursuant to Pa.R.A.P. 2116. Accordingly, we dismiss this appeal due to the numerous defects in Mother's Brief, which prevent this Court from conducting meaningful appellate review. **See** Pa.R.A.P. 2101.

Appeal dismissed. Case stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2020