J-A19025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHERYL LYNN HALL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MILL POND UNIT OWNERS | : | No. 263 EDA 2021 |
| ASSOCIATION | : | |

Appeal from the Order Entered December 18, 2020
In the Court of Common Pleas of Pike County
Civil Division at No. 2019-CV-01035

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:              **FILED AUGUST 6, 2021**

Cheryl Lynn Hall (Appellant) appeals *pro se* from the order sustaining the preliminary objections of Mill Pond Unit Owners Association (Mill Pond) and dismissing Appellant's complaint with prejudice.

The trial court summarized the procedural history, as well as its rationale for sustaining Mill Pond's preliminary objections, as follows:

> [Appellant] filed a *pro se* Complaint on August 15, 2019, alleging that she was injured on the premises located at 5728 Decker Road in the [Mill Pond] Association. [Mill Pond] filed Preliminary Objections to the Complaint and objected based on improper service and that the Complaint was not signed by [Appellant] or an attorney. This Court sustained [Mill Pond]'s Preliminary Objections and dismissed the Complaint, with prejudice, on December 18, 2020.
>
> [Appellant] filed her Notice of Appeal on January 14, 2021. [Appellant] filed her Concise Statement of Matters Complained of on Appeal on January 28, 2021, although we note that the record

_____

* Retired Senior Judge assigned to the Superior Court.

does not reflect that defense counsel was ever served with the Concise Statement. Nevertheless, [Mill Pond] became aware that a Concise Statement had been filed and submitted a Response on February 16, 2021.

\*\*\*

. . . Pa.R.C.P. 400 requires the Sheriff to serve original process in a civil action. Pursuant to Pa. R.C.P. 401(a), the Complaint must be served by original process within thirty (30) days of its filing. If service of original process cannot be completed within thirty (30) days, the Complaint must be reinstated pursuant to Pa. R.C.P. 401(b)(1). We respectfully submit that this Court did not abuse its discretion . . .

First, we noted that the record reflected [Appellant] did not effectuate proper service of the Complaint by the Sheriff within thirty (30) days. [Appellant] attempted to have the Complaint served by improper means for original process, including by mail and by having a clergyman hand deliver the Complaint in March of 2020. These attempts at service of original process are clearly improper under the Rules. While [Appellant] did eventually have the Sheriff properly serve the Complaint upon [Mill Pond] in June of 2020, the Complaint was never reinstated and thus was null and void. Finally, we noted that the Complaint was not signed by an attorney of record or by [Appellant] and therefore violated Pa.R.C.P. 1023.1.

Furthermore, in our Order dated December 18, 2020, we noted that even though [Appellant] elected to proceed pro se in her case, she was still expected to follow the proper procedures set forth in the Pennsylvania Rules of Civil Procedure.

Trial Court Opinion, 3/5/21, at 1-2.

On appeal, Mill Pond filed a motion to quash based on deficiencies in Appellant's brief. Mill Pond enumerated "substantial and considerable defects that render appellate review impossible and should result in the quashing of this appeal." Motion to Quash, 5/20/21, at 1-8. On June 14, 2021, this Court denied Mill Pond's request without prejudice. Upon review, we agree that quashal is warranted.

- 2 -

It is well settled that an appellant risks quashal when a brief fails to "materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure." *See Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. *See also* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements for each subsection of the brief). "When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record, and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). An appellant's *pro se* status does not relieve her of the duty to follow the Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n. 11 (Pa. Super. 2008).

Appellant's brief is patently defective. It contains none of the sections prescribed by Pa.R.A.P. 2111, and lacks coherent argument. *See* Pa.R.A.P. 2119 (setting forth requirements for the argument portion of appellate briefs). As best we discern, Appellant's statements are conclusory, undeveloped, and

lack citation to legal authority.[1]  Also, as Mill Pond stated, "Appellant's brief appears that it may simply be a restatement of the averments of her complaint filed with the lower court."  Motion to Quash at 4.  For these reasons, we are unable to conduct meaningful review and are compelled to quash.

Appeal quashed.[2]  Case stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2021

_____

[1] Appellant references United Nations Declaration of the Rights of Indigenous People Article 40 and her "religious obligations," but no case law or statutory authority.  This Court has explained we "will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." **In re Estate of Whitley**, 50 A.3d 203, 209 (Pa. Super. 2012).

[2] Mill Pond filed a second motion to quash which we received after issuing this memorandum and therefore deny as moot.