J-S28019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SCOTT POLLAZZI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTIN POLLAZZI | : | No. 375 EDA 2021 |

Appeal from the Order Entered January 27, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s): No.
2017-61052

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

JUDGEMENT ORDER BY DUBOW, J.: **FILED NOVEMBER 24, 2021**

Appellant, Scott Pollazzi, appeals from the January 27, 2021 Order[1] confirming a binding arbitration award that divided outstanding marital property between Appellant and his former spouse, after the parties' divorce became final.[2] Upon review, we dismiss this appeal.

A detailed recitation of the factual and procedural history of this case is unnecessary to our disposition. Appellant's *pro se* brief fails to comply with

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purported to appeal from the arbitrator's January 26, 2021 award rather than the trial court's Order entered January 27, 2021 confirming the award. An appeal is properly taken from a trial court order confirming an arbitration award. 42 Pa.C.S. § 7321.29(a)(3). We have changed the case caption accordingly.

[2] The trial court entered a divorce decree on July 9, 2020, thereby finalizing the parties' divorce.

the briefing requirements set forth in Pa.R.A.P 2101, 2111-2134 and we are, therefore, unable to conduct meaningful appellate review.

It is well settled that "appellate briefs [] must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure," and that this Court may quash or dismiss an appeal if defects in an appellant's brief are substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements for each subsection of the brief). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. **Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Ultimately, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." **Branch Banking and Trust**, 904 A.2d at 942 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf

of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

As stated above, Appellant's *pro se* brief fails to conform to the basic requirements of appellate advocacy. Pa.R.A.P. 2111(a) specifies that matters must be included in an appellate brief under separate and distinct titled sections provided in a particular order. Appellant's brief does not include (1) a statement of jurisdiction, (2) the order in question, (3) a statement of the scope and standard of review, (4) a statement of the questions involved,[3] (5) a statement of the case, (6) a summary of the argument, (7) a distinct argument section, (8) a short conclusion stating the precise relief sought, (9) a copy of the relevant opinion below, (10) a copy of the Statement of Errors Complained of on appeal, or (11) certificates of compliance. ***See*** Pa.R.A.P. 2111(a)(1)-(6), (8)-(11).

Instead, Appellant's brief is divided into two sections: "Background of this property dispute" and "Issues that the court got wrong and should be reversed to correct." Appellant's Br. at 1, 8. In both, Appellant raises grievances regarding the divorce, but fails to do so in any organized fashion. Crucially, Appellant fails to provide a single citation to relevant case law or

---

[3] Appellant's brief does contain a section entitled "Issues that the court got wrong and should be reversed to correct," but this section does not conform to the requirements of Pa.R.A.P. 2116. Appellant's Br. at 8-16. While the section begins with an enumerated list of nine specific financial grievances, none of them identify a point of trial court error to be corrected on appeal.

statutes, and, consequently, fails to provide any discussion of legal authority applied and analyzed under the facts of this case. ***See*** Pa.R.A.P. 2119(a), (b).

These substantial deficiencies not only violate the Rules of Appellate Procedure, but, more importantly, preclude this Court from engaging in meaningful appellate review. ***See*** Pa.R.A.P. 2101. Accordingly, we are constrained to dismiss the appeal.

Appeal dismissed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *11/24/2021*