J-S34012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SENECA LEANDRO VIEW, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| E. HOON KWON, SEUNG YUN KWON-LEE, AND UNNAMED ADULT OCCUPANTS 4067 REGIMENT BOULEVARD, ENOLA, PA 17025 | : | No. 379 MDA 2021 |
| | : | |
| APPEAL OF:  SEUNG YUN KWON-LEE | : | |

Appeal from the Order Entered March 15, 2021
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2020-930

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: DECEMBER 3, 2021**

Appellant, Seung Yun Kwon-Lee, appeals *pro se* from the March 15, 2021 Order granting the Motion for Summary Judgment filed by Seneca Leandro View, LLC, in this ejectment action.[1]  Because defects in Appellant's brief impede our ability to provide meaningful review, we dismiss this appeal.

The facts and procedural history of this matter are largely immaterial to our disposition.  Briefly, on January 28, 2020, Appellee filed a Complaint in ejectment seeking, *inter alia*, to eject Appellant, E. Hook Kwon, and Other

---

[1] Defendants E. Hoon Kwon and Other Unnamed Adult Occupants are not parties to this appeal.

Unnamed Adult Occupants from the premises located at 4067 Regiment Boulevard, Enola, PA.[2]

Following the filing of numerous sets of answers and preliminary objections, on August 17, 2020, the trial court ordered Appellant to file an answer on or before the close of business on September 8, 2020. The court notified Appellant that "[f]ailure to properly to respond [to the complaint] shall be deemed admissions to the [c]omplaint." Order, 8/17/20. On September 9, 2020, Appellant *pro se* filed an "Affirmative Answer to Complaint in Ejectment," which the court struck as untimely on October 7, 2020.

On October 27, 2020, Appellee filed a Motion for Summary Judgment and Brief in Support. The record reflects that Appellant did not file an answer to the motion and failed to appear at a March 12, 2020 hearing on the motion, despite having had notice of it. On March 15, 2021, the trial court granted Appellant's Motion for Summary Judgment.

This *pro se* appeal followed. Appellant filed a court-ordered Pa.R.A.P 1925(b) Statement and the trial court filed a "Statement in Lieu of 1925(a) Opinion."

It is well-settled that "appellate briefs [] must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure," and that this Court may quash or dismiss an appeal if defects in an appellant's brief are substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super.

---

[2] Appellee purchased this property at a September 19, 2019 tax upset sale.

2005); Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements for each subsection of the brief). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. **Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve her of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Ultimately, any person who represents herself "in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." **Branch Banking and Trust**, 904 A.2d at 942 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted).

Appellant's *pro se* brief fails to conform to the basic requirements of appellate advocacy. It does not include (1) a statement of jurisdiction; (2) the text of the order on review; (3) a statement of the scope and standard of review; (4) a statement of the questions involved; (5) a statement of the

case; (6) a summary of the argument; (7) a distinct argument section; (8) a copy of the relevant opinion below, (9) a copy of the statement of errors complained of on appeal, or (10) certificates of compliance. *See* Pa.R.A.P. 2111, 2114-19. Instead, Appellant merely restates the facts she alleges supported her opposition to Appellee's underlying request for ejectment. Crucially, she fails to articulate how the trial court erred in granting Appellee's motion for summary judgment and fails to provide any discussion of legal authority applied and analyzed under the facts of this case. *See* Pa.R.A.P. 2119(a), (b).

These substantial deficiencies not only violate the Rules of Appellate Procedure, but, more importantly, preclude this Court from conducting meaningful appellate review. *See* Pa.R.A.P. 2101. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2021