J-A03025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT L. GIBSON JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| APRIL ARNOLD DELANEY AND | : | No. 2213 EDA 2020 |
| DAMON DELANEY | : | |

Appeal from the Judgment Entered December 28, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 180902668

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JANUARY 12, 2022**

Appellant Robert L. Gibson appeals from the December 28, 2020 Judgment entered in favor of Appellees, April Arnold Delaney and Damon Delaney, in this action to quiet title. Because defects in Appellant's *pro se* brief impede our ability to provide meaningful review, we dismiss this appeal.

A detailed recitation of the procedural and factual history is unnecessary to our disposition. Briefly, Appellant brought an action to quiet title on the property at 119 E. Johnson Street in Philadelphia. In the alternative, Appellant sought damages for unjust enrichment and breach of contract. The trial court held a bench trial on October 1, 2020. On October 22, 2020, the court found in favor of Appellees on all counts and on December 28, 2020, the trial court entered judgment.

Appellant filed a timely *pro se* Notice of Appeal. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. However, the court filed a Rule 1925(a) Opinion. For the following reasons, we dismiss this appeal.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). ***See*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. ***Satiro v. Maninno***, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Ultimately, any person who represents himself "in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Satiro***, 237 A.3d at 1151 (citations omitted). "This Court will not act as counsel and will

not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009).

The four-paragraph argument section of Appellant's brief, which purports to analyze two separate issues raised on appeal, is devoid of any citation to the record or relevant legal authority applied and analyzed under the facts of this case. ***See*** Appellant's Br. at 11-12. Moreover, Appellant's brief does not include an accurate statement of the scope and standard of review and does not divide the argument section "into as many parts as there are questions to be argued" as required by Rules 2111 and 2119, respectively. ***See*** Pa.R.A.P. 2111(a)(3) and 2119(a).

Appellant's failure to provide any legal framework or authority to develop and support the issues he raises on appeal not only violates our briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. We decline to act as counsel. Accordingly, we dismiss this appeal.

Appeal dismissed. Case is stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/12/2022</u>