J-A07009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WEI YAN AND HAIDI ZHANG | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER COLON AND JULIA COLON | : | |
| | : | No. 30 EDA 2020 |
| APPEAL OF: WEI YAN | : | |

Appeal from the Order Entered November 13, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2013-03465

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED FEBRUARY 14, 2022**

Appellant, Wei Yan, appeals *pro se* from the November 13, 2019 Order entered in the Montgomery County Court of Common Pleas denying his motion to reinstate the complaint in this negligence action.  Because defects in Appellant's *pro se* brief impede our ability to provide meaningful review, we dismiss this appeal.

The facts and procedural history are largely immaterial to our disposition.  Briefly, on April 26, 2013, Appellant and his wife, Ms. Zhang, who is not a party to this appeal, filed a complaint against Appellees, Alexander and Julia Colon, following a motor vehicle accident.  Although initially represented by counsel, Appellant and Ms. Zhang later elected to proceed *pro se.*  Litigation was then delayed due to Appellant's hospitalization in Beijing, China.

While Appellant was hospitalized in China, the matter proceeded in the trial court only as to Ms. Zhang; the court ruled that she was not able to represent Appellant as she is not an attorney.[1]  On January 28, 2019, the court entered an order dismissing Appellant's claims without prejudice and permitting him to petition the court to reinstate his claims.

On February 15, 2019, Appellant filed a Motion to Reinstate the Complaint.[2]  On November 13, 2019, the court denied Appellant's motion. This appeal followed.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."  **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted).  **See** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs).  "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

_____

[1] Ms. Zhang proceeded to trial _pro se_, following which the court entered a verdict in favor of Appellees.

[2] This motion was filed in person with the Montgomery County prothonotary. Because Appellant was still in China at the time this motion was filed, the trial court presumed Ms. Zhang filed it on Appellant's behalf "in her continued attempt to represent her husband."  Trial Ct. Op., 7/15/21, at 2.

Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. **Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Ultimately, any person who represents himself "in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Satiro**, 237 A.3d at 1151 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. **Commonwealth v. Johnson**, 985 A.2d 915, 925 (Pa. 2009).

Appellant purports to raise five separate issues on appeal. **See** Appellant's Brief at 4-5. However, the argument section of his brief is divided into ten enumerated subsections and is devoid of any citation to relevant legal authority applied and analyzed under the facts of this case, in violation of Pa.R.A.P. 2119(a). **See** Appellant's Brief at 40-66. Moreover, Appellant's brief does not include an accurate statement of the scope and standard of review as required by Rules 2111. **See** Pa.R.A.P. 2111(a)(3).

Appellant's failure to provide any legal framework or authority to develop and support the issues he raises on appeal not only violates our

- 3 -

briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. Accordingly, we dismiss this appeal.

Appeal dismissed. Case is stricken from argument list.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2022

---

[3] In light of our disposition, we deny as moot Appellant's request for an interpreter at oral argument.