J-S12032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE BECKLEY F/K/A CHRISTINE KELLERMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG MICHAEL KELLERMAN | : | |
| | : | No. 965 EDA 2021 |
| Appellant | : | |

Appeal from the Order Entered April 2, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2005-23947

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 8, 2022**

Appellant, Craig Michael Kellerman ("Husband"), appeals from the April 2, 2021 Order entered in the Montgomery County Court of Common Pleas that, *inter alia*, ordered the property at 31 East Marshall Street in Norristown ("the Property") to be listed for sale in "as is" condition forthwith with an initial sale price of $119,900.  Because defects in Husband's *pro se* brief impede our ability to provide meaningful review, we dismiss this appeal.

A detailed factual and procedural history is unnecessary to our disposition.  Husband and Christine Beckley ("Wife") were married on May 22, 1993, divorced on April 6, 2006, and are parents to one child.  Husband and Wife entered into a Marital Settlement Agreement ("MSA") on June 22, 2005, and a modified MSA on October 30, 2008.  Husband has a long history of noncompliance with the terms of both.  Per the modified MSA, Wife had the

right to file a *lis pendens* against Husband's interest in the Property, which she did.[1] The modified MSA further provided that if Husband failed to comply with the provisions, Wife would be entitled to that portion of Husband's share of the proceeds from the sale of the Property to cover Husband's support arrearages. On May 24, 2019, Wife filed a petition seeking to force the sale of the Property and to use Husband's share of the proceeds to satisfy over $300,000 in support arrearages, including 148 weeks of delinquent child support.

On December 17, 2019, the parties entered into an Agreed Order, which ordered the Property to be listed for sale with Tone Realty, Inc. with a listing price of $150,000 that could be reduced by 5% for every ninety days without an offer. Over the next year, the Property received two offers and Husband refused to agree to the sale. On January 28, 2021, Wife filed a Petition to Force Defendant to Agree to Accept the Pending offer of $70,000 for sale of the Property.

After a hearing, on April 2, 2021, the trial court ordered the Property to be listed for sale in "as is" condition forthwith with an initial sale price of $119,900.

---

[1] *Lis pendens* is Latin, and literally means "suit hanging" or "suit pending." ***Barak v. Karolizki***, 196 A.3d 208, 211 n.1 (Pa. Super. 2018). "A *lis pendens*, once properly indexed, provides notice to potential buyers that a piece of property is in litigation." ***Id.*** at 211 n.2.

Husband filed a timely *pro se* Notice of Appeal. Both Husband and the trial court complied with Pa.R.A.P. 1925. For the following reasons, we dismiss this appeal.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). **See** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. **Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Ultimately, any person who represents himself "in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Satiro**, 237 A.3d at 1151 (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**,

10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009).

The two-page argument section of Husband's brief, which purports to analyze two separate issues raised on appeal, is devoid of any citation to relevant legal authority applied and analyzed under the facts of this case. ***See*** Husband's Br. at 6-7. Moreover, Husband's brief does not divide the argument section "into as many parts as there are questions to be argued" as required by Pa.R.A.P. 2119(a).

Husband's failure to provide any legal framework or authority to develop and support the issues he raises on appeal not only violates our briefing requirements, but more importantly, precludes this Court from effectuating meaningful appellate review. We decline to act as counsel. Accordingly, we dismiss this appeal.

Appeal dismissed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2022

- 4 -