J-A19020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KELLY DUTTON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TENILLE TIMBERS | : | No. 2420 EDA 2016 |

Appeal from the Order Entered July 20, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  150702505

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                     **FILED July 3, 2017**

Appellant, Kelly Dutton, appeals *pro se* from the July 20, 2016 Order, entered in the Philadelphia County Court of Common Pleas, granting summary judgment in favor of Tenille Timbers and dismissing Appellant's Complaint.  We dismiss this appeal.

The facts are not relevant to our disposition. Instantly, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted).  ***See also*** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).  An appellant's *pro se* status does not

relieve him or her of the obligation to follow the Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

To properly develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations to pertinent authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)).

As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Hardy*, *supra* at 771 (citation omitted). Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citations omitted).

Appellant's Brief is woefully inadequate. It does not contain a statement of the case meeting the requirements of Pa.R.A.P. 2117, an averment that the trial court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement, or the trial court's Pa.R.A.P. 1925(a) Opinion. *See* Pa.R.A.P. 2111(a), (4), (5), (10), (11), and (b). The Statement of Questions

involved is unacceptably vague and inadequate.[1] Most significantly, although Appellant's Brief contains a three-paragraph section entitled "Argument," Appellant did not develop any argument therein with citation to the record or to case law in support of his claim. It is axiomatic that issues that are not developed in the argument section of an appellate brief are waived. ***Harkins v. Calumet Realty Co.***, 614 A.2d 699, 703 (Pa. Super. 1992).

Appellant's failure to adhere to the Rules of Appellate Procedure and to develop his claims with citation to the record and to legal authorities prevents this Court from conducting meaningful appellate review. Therefore, we conclude Appellant has waived his issues. Accordingly, we dismiss this appeal.

Appeal dismissed. Case stricken from the argument list.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2017

_____

[1] Appellant's Statement of Questions Involved provides: "When the court dismissed plaintiff's case, were appellant rights violated? Appellant's Brief at (unpaginated) 2 (verbatim).