J-A20016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA L. MEREDITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER MEREDITH | : | No. 182 WDA 2021 |

Appeal from the Order Entered January 15, 2021
In the Court of Common Pleas of Mercer County Civil Division at No(s):
No. 2020-2202, C.A.

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: OCTOBER 25, 2021**

Sandra L. Meredith (Wife) appeals from the order of court, entered on January 15, 2021, that involves a petition for special relief filed by Walter Meredith (Husband) in the context of a divorce action between the parties. For the reasons that follow, we conclude that Wife's issues are waived and, therefore, we affirm.

Wife and Husband were married in February of 2006.  On July 30, 2020, Wife filed a divorce complaint, requesting *inter alia* equitable distribution of the marital property, spousal support, and counsel fees.  Additionally, both parties filed petitions for special relief and other motions, which included a request for the return of personal property and for exclusive possession of the marital home.  However, Wife suffered a stroke and died on December 5, 2020.

> Following [W]ife's death[,] … Husband filed a request [to have] the matter be dismissed as a result of [W]ife's death. Wife's counsel attempted to substitute [W]ife's father, sister, or intestate heirs for the purpose of continuing the divorce proceeding.[1] Wife's counsel, Angelo A. Papa, [Esq.,] filed this appeal "by and through her … father, sisters, intestate heirs and counsel" from the [c]ourt's [o]rder dated January 14, 2021[,] whereby the [c]ourt granted the petition for special relief filed by Husband determining grounds for divorce had not been established as of the date of [Wife's] passing, dismissing [Wife's] [d]ivorce [c]omplaint, and denying the request to substitute representatives on [W]ife's behalf. By [o]rders of February 10, 2021[,] and March 2, 2021, this [c]ourt directed the filing of a Concise Statement of Errors/Matters … Complained [o]f on Appeal [pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)]. [Wife] filed a pleading titled "Answer to Order of Court…." [Wife's] "Answer" is an improper 4½ page statement which "incorporates by reference all prior paragraphs of all pleadings of both parties…" and "requests judicial notice of all orders of court…[.]" Further, the answer reproduced multiple pages of pleadings.
>
> [1] Answer to [Husband's] Petition for Special Relief and Motion for Special Relief; January 12, 2021[.]

Trial Court's Pa.R.A.P. 1925(a) Opinion (TCO), 4/6/2021, at 1-2.

As noted by the trial court, after Wife's attorney filed this appeal on her behalf, the trial court ordered the filing of a Rule 1925(b) statement of errors complained of on appeal prior to the post-appeal conference scheduled for March 24, 2021. On March 2, 2021, the court issued notice that despite the cancellation of the post-appeal conference, Wife's Rule 1925(b) statement was still due prior to March 24, 2021. Wife's response, entitled "Answer to Order of Court," is date stamped March 23, 2021. Thus, it was timely filed. However, the document does not comply with the requirements as set forth in Rule 1925(b)(4) and, therefore, based upon the following, we conclude that no issues were preserved for appellate review.

> In ***Commonwealth v. Lord***, … 719 A.2d 306 (Pa. 1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pennsylvania Rule of Appellate Procedure] 1925." ***Lord***, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." ***Id***. This Court explained in ***Riley v. Foley***, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues [a]ppellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002).

***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004).

As noted by the trial court, the document submitted was a 4½ page statement, much of it being single spaced that incorporated everything contained in the pleadings filed by the parties and the orders issued by the court. Moreover, the court stated that the "Rule 1925(b) [s]tatement must be sufficiently 'concise' and 'coherent' such that the trial judge is able to identify the issues which an appellant actually intends to pursue on appeal, and the circumstances 'must not suggest the existence of bad faith.'" TCO at 3-4 (quoting ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 210 (Pa. Super. 2008)). Thus, the trial court concluded that the "[c]oncise [s]tatement of errors fails to meet statutory requirements, being neither [c]oncise in length

nor in specificity of alleged errors and all issues are waived." *Id.* at 4.  We agree.[1]

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/25/2021

---

[1] Despite our agreement with the trial court's conclusion that all issues are waived, our review also included those items that the court believed were the errors complained of on appeal.  Having considered the certified record, the parties' briefs, the applicable law, and the well-reasoned opinion authored by the Honorable Ronald D. Amrhein, Jr., of the Court of Common Pleas of Mercer County, dated April 6, 2021, we would conclude that Judge Amrhein's opinion properly disposed of what we deem were the apparent issues presented and we would adopt the trial court's opinion in that regard.  *See* TCO at 3-7.