J-S06042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHARLES ARANGIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HENRY NEWTON AND HERSTER, | : | No. 2009 EDA 2023 |
| NEWTON AND MURPHY | : | |

Appeal from the Order Entered May 17, 2023
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s):  C-48-CV-2022-08689

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:                **FILED APRIL 8, 2024**

Charles  Arangio ("Arangio") appeals *pro se*[1] from the order striking his merit certification and dismissing his legal malpractice action.  We dismiss the appeal.

In December 2022, Arangio filed a fifteen-count legal malpractice complaint against Attorney Henry Newton and the law firm of Herster, Newton and Murphy ("Appellees").  **See** Complaint, 12/2/22, at 1-19 (unnumbered). The complaint appears to stem from the approximately one-year period Attorney Newton served as guardian for Arangio's late mother.  **See id**.

---

[1] Arangio claims to be a retired attorney.  **See** Trial Court Opinion, 9/22/23, at 2, 3 and at n. 1.

In March 2023, Arangio sought leave for an extension of time to file a certificate of merit, as required for a professional malpractice action.[2] ***See*** Pa.R.Civ.P. 1042.3. The trial court directed Arangio to file a new motion, which demonstrated good cause for his request for an extension and granted him thirty days to file a certificate of merit which conformed to Pa.R.Civ.P. 1042.3.[3] Arangio did not file a new motion but filed a purported certificate of merit. ***See*** Merit Certification, 4/18/23, at 1-2. Appellees moved to strike the certificate of merit and to dismiss the complaint. ***See*** Motion to Strike Merit Certification and to Dismiss the Complaint, 5/17/23, at 1-4 (unnumbered). The trial court granted the request and the instant, timely appeal followed.[4]

Before we can address the merits of Arangio's issues, we must consider whether the defects in his brief require dismissal of the appeal. Appellate

_____

[2] This Court notes with disapproval that, after the filing of the notice of appeal in this matter, the trial court entered and granted Arangio's motion to transfer this matter to Orphans' Court. ***See*** Order of Court, 6/5/23, at 1-2 (unnumbered). Leaving aside whether the trial court had jurisdiction to act during the pendency of the instant appeal, the trial court's action resulted in the co-mingling of documents from an on-going Orphans' Court action with those from the instant malpractice action, making it all but impossible to locate many of the civil documents, including Arangio's request for an extension of time. However, the parties appear to agree on the procedural history of this matter, so we will accept their assertion the document exists.

[3] We are unable to locate this document in the certified record.

[4] Arangio and the trial court complied with Pa.R.A.P. 1925.

briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial. **See** Pa.R.A.P. 2101 (providing that "if the defects ... in the brief ... are substantial, the appeal ... may be ... dismissed"); **see also Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n. 11 (Pa. Super. 2008) (asserting although the Court liberally construes a *pro se* litigant's filings, he enjoys no special benefit and must comply with the requisite procedural rules). This Court will not act as counsel and will not develop arguments on behalf of an appellant. **See Bombar v. West American Ins. Co.**, 932 A.2d 78, 94 (Pa. Super. 2007).

Arangio's brief is substantially defective. It lacks a statement of jurisdiction (**see** Pa.R.A.P. 2114), a statement of the order in question (**see** Pa.R.A.P. 2115), a statement of both the scope of review and the standard of review (**see** Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (**see** Pa.R.A.P. 2111(4)), a statement of the case (**see** Pa.R.A.P. 2117), and a summary of argument (**see** Pa.R.A.P. 2118). Of even greater importance, it lacks any references to, or discussion of, applicable legal standards, statutes, or case law. **See** Pa.R.A.P. 2119(a) (providing the argument shall be followed by the discussion and citation of pertinent authorities). Nor does the brief direct this Court to the places in the record where the matters Arangio refers to can be found. **See** Pa.R.A.P. 2119(c) (providing that where the argument references evidence or other matter, it must set forth a reference

to the place in the record where that matter may be found); Pa.R.A.P. 2119(d) (providing where a finding of fact is argued, the argument must contain a synopsis of all evidence on the point, with a reference to the place in the record where the evidence may be found).  We will not act as an appellant's counsel and develop his arguments.  ***See Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014).

Arangio's failure to conform with our appellate rules leaves this Court unable to meaningfully review the substance of his issues compelling the dismissal of the appeal.  ***See*** Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2024