J-S15027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ABDUS SHAHID | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MCMONAGLE, PERRI, MCHUGH, | : | No. 1644 EDA 2023 |
| MISCHAK AND DAVIS, P.C. | : | |

Appeal from the Order Entered May 30, 2023
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2023-000130

MEMORANDUM PER CURIAM:                     **FILED JULY 17, 2024**

Appellant Abdus Shahid appeals *pro se* from the order sustaining the preliminary objections filed by McMonagle, Perri, McHugh, Mischak, and Davis, P.C. (Appellee) and dismissing Appellant's complaint with prejudice.  Appellant argues that the trial court erred in dismissing the complaint.  After review, we dismiss the appeal.

The trial court summarized the relevant facts and procedural history of this case as follows:

> This case initially arises out of complaint filed by [Appellant] against [Appellee], a law firm [that] represents Darby Borough as its solicitor.  This lawsuit is only one of many filed by [Appellant] in the past decade in both state and federal court against the Borough of Darby, its code enforcement officers, and other elected and appointed officials related to a property [Appellant] owns at 850 Summit Street, Darby, PA 19023.  [Appellant] alleges, as he does in almost all of his prior and pending litigations, in limited and conclusory fashion, that [Appellee] violated his rights based upon his race and national origin related to code enforcement actions against him at his property.  His eleven (11) paragraph

complaint requests damages in the amount of twelve (12) million dollars for nebulous violations of his civil rights regarding his property that he alleges is worth six (6) million dollars.

\* \* \*

In its objections, [Appellee] details a history of [Appellant's] lawsuits regarding his property to highlight the lack of meritorious claims as determined by many judges throughout this County, and including the Eastern District of [Pennsylvania]. (**See** [Appellee's] Motion at 116 and 7). Additionally, the Honorable Gerald McHugh, of the Eastern District of Pennsylvania in his Memorandum filed May 25, 2022 in **Shahid v. Possenti**, 2022 WL 1664363 (E.D.Pa. 2022), expanded on the numerous litigations instituted by [Appellant] related to his Summit Street Property.[1]

\* \* \*

Of particular relevance to the instant litigation, the Order dated March 26, 2021[,] by the Honorable John J. Whelan in **Shahid v. Possenti and Thomas**, Delaware County Docket No. 2020-005683 barred [Appellant] from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court. Although [Appellee] was not a named party in the prior actions, the vague yet conclusory allegations are very similar, and the parties, though not related, are all appointed in an official capacity by the Borough of Darby. Regardless of the fact that [the trial court] could have justifiably dismissed the complaint pursuant to Rule 233.1 barring additional litigation as frivolous [the trial court] made its ruling on the preliminary objections only.

Trial Ct. Op., 8/14/23, at 1-7 (formatting altered and some citations and footnotes omitted).

---

[1] The trial court block quotes from the federal court's memorandum and summarizes nineteen separate cases involving Appellant and the subject property. **See** Trial Ct. Op. at 3-6 (quoting **Shahid**, 2022 WL 1664363, at 2-4).

- 2 -

In an order filed on May 30, 2023, the trial court sustained Appellee's preliminary objections and dismissed Appellant's complaint with prejudice. Appellant filed a timely appeal.

On appeal, Appellant argues that the trial court erred in dismissing his complaint. **See** Appellant's Brief at 4-9. Before addressing Appellant's claims, we must consider whether Appellant complied with the Pennsylvania Rules of Appellate Procedure. This issue is a pure question of law for which "our scope of review is plenary, and our standard of review is *de novo*." **Kronstain v. Miller**, 19 A.3d 1119, 1123 (Pa. Super. 2011) (citation omitted); **see also Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020) (stating that "[t]he issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary." (citation omitted)).

It is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted). Further, if the defects in an appellant's brief "are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101.

The Rules of Appellate Procedure set forth specific requirements for the required content of an appellate brief. **See** Pa.R.A.P. 2111(a). Among other things, briefs must contain a statement of jurisdiction, statement of both the scope of review and the standard of review, statement of the questions

involved, statement of the case, summary of argument, argument section, and a short conclusion stating the precise relief sought. *See id.*

This Court has explained that *pro se* status does not relieve an appellant of their duty to comply with our Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Ullman*, 995 A.2d at 1211-12 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

Here, Appellant filed a brief in which he raises claims of trial court error. *See* Appellant's Brief at 3-9. However, Appellant has failed to meet multiple requirements for an appellate brief. *See* Pa.R.A.P. 2111(a)(1), (2), (3), (4), (9). Further, Appellant has not developed his claims of error or argument in any coherent or meaningful fashion and has failed to provide relevant legal authority for why this Court should disturb the trial court's order. *See Pautenis*, 118 A.3d at 394. Under these circumstances, and given the substantial defects in Appellant's brief, we are unable to conduct a meaningful review of Appellant's claims. Accordingly, we are constrained to dismiss this appeal. *See* Pa.R.A.P. 2101; *Ullman*, 995 A.2d at 1211-12.[2]

---

[2] In any event, were we to address whether the trial court erred in dismissing Appellant's complaint, we would affirm on the basis of the trial court's opinion. *See* Trial Ct. Op., 8/14/23, at 1-13.

- 4 -

Appeal dismissed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  7/17/2024