J-A30032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THE LOFTS AT 2601 | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALI NORMAN | : | |
| | : | |
| Appellant | : | No. 1009 EDA 2025 |

Appeal from the Judgment Entered January 31, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240700088

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED DECEMBER 5, 2025**

Ali Norman ("Norman") appeals *pro se* from the judgment in favor of The Lofts at 2601 ("The Lofts"), which was entered after Norman failed to appear for a trial and the trial court denied Norman's post-trial motion. Because Norman's brief is substantially defective, we dismiss this appeal and strike the case from the argument list.

The present landlord-tenant action began in the Philadelphia Municipal Court, and Norman timely appealed that court's decision in favor of The Lofts to the Court of Common Pleas.  The Lofts filed a complaint for unpaid rent and repossession of Norman's room, and Norman filed an answer.  The trial court scheduled a nonjury trial for November 25, 2024, at City Hall.  Norman failed to appear.  The trial court proceeded to trial and found in favor of Landlord.  *See* Pa.R.Civ.P. 218(b).  Norman timely filed a "petition to open," which the

trial court properly considered as a post-trial motion seeking a new trial based on a satisfactory excuse for failing to appear. *See* Pa.R.Civ.P. 218(c), Note.

Norman appeared at the hearing on his post-trial motion and testified on the day of trial, he went to the Arbitration Center where court staff printed out a docket sheet for his separate suit against The Lofts that had been closed since November 2024. Norman asserted the staff member told him the present case was also closed. Norman also claimed he did not receive notice of the trial in the present case and discussed difficulties he had receiving mail.

The trial court found credible Norman's evidence he went to the Arbitration Center on the day of trial, but questioned Norman's assertions he was told the present case was also closed. The trial court also indicated that Norman did not offer a credible excuse for going to the Arbitration Center instead of City Hall for trial. The court denied Norman's post-trial motion from the bench, and The Lofts had judgment entered.

Norman timely appealed. Although the trial court issued an order for Norman to file and serve Pa.R.A.P. 1925(b) statements, that order did not strictly comply with the content requirements of Rule 1925. Norman did not respond. The trial court issued an opinion suggesting Norman failed to preserve any issues for appeal.[1]

_____

[1] The trial court offered two reasons for dismissing this appeal, neither of which we adopt. First, it noted Norman failed to file a Rule 1925(b) statement. However, there were two orders for a Rule 1925(b) statement, one which the presiding judge issued, and another, which a different judge issued, but
*(Footnote Continued Next Page)*

Before addressing Norman's issues, we reiterate that appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial. **See** Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed"); **see also Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 213 n.11 (Pa. Super. 2008) (asserting although the Court liberally construes a *pro se* litigant's filings, he must comply with the requisite procedural rules). This Court will not act as counsel and will not develop arguments on behalf of an appellant. **See Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014).

Norman's brief lacks, among other requirements, a statement of both the scope of review and the standard of review (**see** Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (**see** Pa.R.A.P. 2111(4)), a statement of the case (**see** Pa.R.A.P. 2117), and a summary of argument (**see** Pa.R.A.P. 2118). Critically, only a single page of Norman's brief pertains to the issue in this appeal—whether he presented a satisfactory excuse for failing to appear at trial. **See** Norman's Br. at 9 (unpaginated). However, he does not refer to or discuss relevant portions of the post-trial motion hearing, or any applicable

---

subsequently vacated. Because neither order complied with Rule 1925's content requirements, **see, e.g.**, Order, 2/28/25, at 1; **see also** Pa.R.A.P. 1925(b)(2)-(3), we decline to find waiver due to the lack of a Rule 1925(b) statement. **See In re I.M.R.**, 296 A.3d 615, 2023 WL 2547953, at *3 (Pa. Super. 2023) (unpublished non-precedential mem.); Pa.R.A.P. 126(b). Second, the trial court stated Norman failed to order a transcript. However, Norman attached a transcript order form to his notice of appeal, and the relevant transcript is in the certified record.

legal standards, statutes, or case law on the issue of a satisfactory excuse. *See* Pa.R.A.P. 2119(a) (providing the argument shall be followed by the discussion and citation of pertinent authorities). Under the circumstances of this case, we conclude the defects in Norman's brief are substantial and preclude meaningful review. *See Coulter*, 94 A.3d at 1088. Accordingly, we dismiss this appeal. *See* Pa.R.A.P. 2101.

Appeal dismissed. Case stricken from argument list.

President Judge Emeritus Panella joins this decision.

President Judge Lazarus concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2025