J-A04027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMIE L. WHITE A/K/A JAMIE L. BESTWICK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIK S. GAUGER, | : | |
| | : | No. 1143 MDA 2022 |
| Appellant | : | |

Appeal from the Order Entered July 14, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
07-14088

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: MARCH 2, 2023**

Appellant Erik S. Gauger ("Father") appeals *pro se* from the Order entered by the Berks County Court of Common Pleas directing that Father and Jamie Bestwick, f/k/a Jamie White ("Mother"), continue to share legal and physical custody of their Child born in 2007.  Upon review, we dismiss.

A detailed factual and procedural history is unnecessary to our disposition.  Due to substantial defects in Father's *pro se* brief, we are unable to provide meaningful review of any of the fourteen issues he purports to raise.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."  ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted).  ***See*** Pa.R.A.P. 2111

(listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

Although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training. ***Satiro v. Maninno***, 237 A.3d 1145, 1151 (Pa. Super. 2020). An appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Ultimately, any person who represents himself "in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Satiro***, 237 A.3d at 1151 (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009). The failure to comport with our briefing requirements may result in dismissal. Pa.R.A.P. 2101.

Father's brief fails to comply with our rules of appellate procedure and the substantial defects fatally hamper our ability to provide meaningful review.

In his 34-page, single-spaced "brief,"[1] Father provides a 23-page "Statement of the Case," which contains details of the procedural odyssey of this case interspersed with self-serving commentary about his actions and Mother's alleged inactions from 2017 to 2022. *See* Father's Br. at 8-31. This statement is neither brief nor closely condensed to assist in focusing on the issues Appellant purports to raise. *See* Pa.R.A.P. 2117 (requiring a brief statement and a closely condensed chronological statement). While such a statement alone does not necessarily render this appeal unreviewable, it does present a serious impediment to our review.

Most significantly, however, despite having raised fourteen questions for our review, Father has failed to address each issue as required by Pa.R.A.P. 2119(a). Section 2119 provides, *inter alia*, that each issue raised should be addressed in the argument section under its own heading with discussion of relevant law as it pertains to the issues raised in the appeal. Father has utterly failed to do this. Instead, he has provided four short paragraphs with no headings, no citations to the record, and no analysis of the facts and law as they relate to the issues he has raised and the cases he cites in his "Argument" section. *See id.*, at 32-33.[2] In "Conclusion," Father complains about the

---

[1] *See* Pa.R.A.P. 124(a)(3) (requiring briefs to be double-spaced).

[2] The copy of the record provided to this Court is comprised of approximately 3700 pages. We acknowledge that Appellant included some citations to documents in the record in his "Statement of the Case."

guardian *ad litem* and accuses the trial court of acting impartially because the court found the guardian *ad litem*'s testimony and report to be credible.

As a result of the substantial defects in Appellant's brief, we are unable to provide meaningful review of the issues he purports to raise. Accordingly, we find Appellant's issues waived and dismiss this appeal. Pa.R.A.P. 2101.[3, 4]

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2023

---

[3] To the extent Appellant raises a weight claim in his "conclusion," we reiterate that "with regard to the credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand." **C.R.F. v. S.E.F.**, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

[4] We further note that we reviewed the trial court's July 13, 2022 Decision and Order and conclude that the court thoroughly considered the evidence presented at the custody hearing, including Mother's positive test for THC, and addressed the sixteen custody factors set forth in Section 5328 fairly and impartially. We, thus, conclude the trial court properly exercised its discretion directing that Mother and Father to continue to share legal custody and physical custody on an equal basis.