J-A06027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENNETH A. SENOSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD J. JOYCE, ESQ. AND | : | No. 726 WDA 2022 |
| ANTHONY M. BITTNER, ESQ. | : | |

Appeal from the Order Entered June 2, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-20-000049

BEFORE: OLSON, J., NICHOLS, J., and PELLEGRINI, J.*

JUDGMENT ORDER BY NICHOLS, J.:                    **FILED: April 5, 2023**

Appellant Kenneth A. Senoski appeals *pro se* from the order sustaining the preliminary objections filed by Appellees Richard J. Joyce, Esq. and Anthony M. Bittner, Esq., and dismissing Appellant's complaint with prejudice. For the following reasons, we dismiss the appeal.

The underlying facts and procedural history are well known to the parties. *See* Trial Ct. Op., 8/23/22, at 1-10. Briefly, Appellant filed a complaint for legal malpractice against Appellees on January 3, 2020. Appellees subsequently filed preliminary objections alleging that Appellant had failed to effectuate proper service of the complaint. Following a hearing on June 1, 2022, the trial court sustained Appellees' preliminary objections and dismissed Appellant's complaint for improper service. *See* Trial Ct. Order,

---

* Retired Senior Judge assigned to the Superior Court.

6/2/22. Appellant filed a timely notice of appeal and the trial court issued a Pa.R.A.P. 1925(a) opinion stating the basis for its decision.

On appeal, Appellant has filed a brief in which he argues that the trial court erred in dismissing his complaint because there was no order directing Appellant to comply with Pa.R.Civ.P. 400(a) or to serve Appellees. *See* Appellant's Brief at 1-2.[1]

Before addressing Appellant's claim, we must consider whether Appellant complied with the Pennsylvania Rules of Appellate Procedure. This issue is a pure question of law for which "our scope of review is plenary[,] and the standard of review is *de novo*." ***Commonwealth v. Walker***, 185 A.3d 969, 974 (Pa. 2018), *overruled on other grounds by* ***Commonwealth v. Young***, 265 A.3d 462 (Pa. 2021). It is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. ***In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted). Further, if the defects in an appellant's brief "are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101.

The Rules set forth specific requirements for the required content of an appellate brief. *See* Pa.R.A.P. 2111(a). Among other things, briefs must contain a statement of jurisdiction, statement of both the scope of review and

_____

[1] We note that although the cover page of Appellant's brief states that it is an "application for relief," the first page of the brief is labeled as "Appellant['s] Brief." *See* Appellant's Brief at 1 (formatting altered). To resolve this discrepancy, the Prothonotary's office contacted Appellant and confirmed that this document is his appellate brief, not an application for relief.

the standard of review, statement of the questions involved, statement of the case, summary of argument, argument section, and a short conclusion stating the precise relief sought. *See id.*

Further, this Court has explained that an appellant's *pro se* status does not relieve them of their duty to comply with our Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Ullman*, 995 A.2d at 1211-12 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

Here, Appellant has filed a two-page brief in which he raises a generalized claim that the trial court erred in dismissing his complaint. Appellant's Brief at 1-2. However, although Appellant attached the trial court's order and opinion to his brief, Appellant has otherwise failed to meet any of the requirements for an appellate brief. *See* Pa.R.A.P. 2111(a)(1), (3)-(6), (8)-(9). Further, Appellant has failed to develop his claim in any meaningful fashion or provide any basis for why this Court should reverse the trial court's order.[2] *See Pautenis*, 118 A.3d at 394.

---

[2] We note that Appellant also filed a reply brief in which he likewise failed to develop any meaningful argument in support of his claim. *See* Appellant's Reply Brief.

Under these circumstances, and given the substantial defects in Appellant's brief, we are unable to conduct a meaningful review of Appellant's claim. Accordingly, we are constrained to dismiss this appeal. **See** Pa.R.A.P. 2101; **Ullman**, 995 A.2d at 1211-12.[3]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:   4/5/2023

---

[3] In any event, even if we were to address whether the trial court erred in dismissing Appellant's complaint, we would affirm on the basis of the trial court's opinion. **See** Trial Ct. Op. at 1-10.